# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTOPHER HANSEN** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 18-6203** |
| | * | |
| **ROGER THORPE** | * | **SECTION "L" (3)** |
| | * | |

## ORDER & REASONS

Before the Court is a motion to stay this litigation pending the resolution of a related criminal matter filed by Defendant Roger Thorpe. R. Doc. 10. Plaintiff Christopher Hansen opposes the motion. R. Doc. 11. Thorpe has filed a reply. R. Doc. 14. Having considered the record, the parties' arguments, and the applicable law, the Court rules as follows.

### I. BACKGROUND

On June 23, 2017, Plaintiff Christopher Hansen alleges he was traveling eastbound on Interstate-10 when he was verbally accosted by Defendant Roger Thorpe. R. Doc. 1 at ¶ 5. According to Plaintiff, after he "maneuvered his vehicle around Defendant's vehicle in slow moving traffic," Defendant "rolled down his window" and began yelling at Plaintiff. *Id.* at ¶ 5. Plaintiff continued driving with his window up when Defendant "suddenly pulled out a firearm and fired at least two (2) rounds into Plaintiffs vehicle," which "shattered the right rear passenger side window of Plaintiff's vehicle, striking the front passenger seat head rest." *Id.* at ¶ 6.

1

In an attempt to read Defendant's license plate number, Plaintiff followed Defendant for a brief period until Defendant eventually pulled over, and Plaintiff parked his car behind Defendant's. *Id.* at ¶ 6. Plaintiff alleges that, once he parked his car, "Defendant exited his vehicle with his firearm drawn, approached Plaintiff, . . . threatened to kill Plaintiff[,] and demanded that Plaintiff give up his cellular phone." *Id.* at 8. "Fear[ing] for his life," Plaintiff dropped his phone on the ground, *id.* at ¶ 9, whereupon "Defendant picked [it] up . . . and walked back to his vehicle," "verbally threaten[ing] to kill Plaintiff if Plaintiff continued to follow [him]," *id.* at ¶¶ 10, 11. Plaintiff alleges he suffered "severe emotional distress that includes, inpatient psychiatric treatment for suicidal ideations, divorce and continuing post[-]traumatic stress disorder" as a result of Defendant's actions. *Id.* at ¶ 26.

Following the incident, Police officers arrested Defendant for: (1) Aggravated Assault with a Firearm, (2) Use of a Firearm in Robbery, and (3) Illegal Use of Weapons: Relative to Illegal Discharge of a Firearm. *Id.* at ¶ 14. Plaintiff alleges the New Orleans District Attorney ultimately charged Defendant with: (1) Discharging a Firearm During the Commission of a Violent Crime, in violation of Louisiana Revised Statutes 14:94(F); and (2) Armed Robbery with a Firearm, in violation of Louisiana Revised Statutes 14:64.3. *Id.* at ¶ 15. According to the Complaint, "Defendant's [criminal] case is active and is styled as *State v. Roger Thorpe*," Case No. 538428, Section "I." *Id.*

Based on these allegations, Plaintiff brought this action against Defendant on June 22, 2018. *Id.* He brings claims for assault with a deadly weapon and/or aggravated assault, *id.* at ¶ 4, and intentional infliction of emotional distress, *id.* at 5–6. He seeks judgment against defendant "in an amount that will compensate him for . . . violation[s] of his rights under the Civil Rights Act of 1964 and the laws of the State of Louisiana, including but not limited to": (1) "LSA-C.C.

Art. 2315 [for] damages sustained by him as a direct victim of the Aggravated Assault," (2) "LSA-C.C. Art. 2315 [for] damages sustained by him as a direct victim of the Armed Robbery," (3) compensatory damages, (4) punitive damages, (5) costs, and (6) pre-judgment and post-judgment interest. *Id.* at 6–7.

## II. PRESENT MOTION

On November 1, 2018, Defendant filed a motion to stay the instant proceedings while his related criminal case is pending. He submits that "[i]f the civil litigation is allowed to proceed simultaneously with the criminal proceeding, [he] will be forced to choose between exercising his rights under the Fifth Amendment and exposing himself to . . . [Plaintiff's] contention that [Defendant's] failure to testify warrants an adverse inference." R. Doc. 10-1 at 1.

In opposition, Plaintiff admits "The instant civil action . . . overlap[s] with the criminal case," but nevertheless contends the Court "can move this case forward using the admissions that Defendant made in his 911 Emergency call that is referenced on page 4 of the NOPD Arrest report." R. Doc. 11 at 3. He also points to the criminal court's denial of Defendant's motions to suppress his statement to police and the gun discovered in his home, arguing "the evidence that is now in the public record in Defendant's criminal case is substantial enough to prove Plaintiff's case under the preponderance of the evidence civil court standard without having to take Defendant's deposition or serve Defendant with Admissions, Interrogatories or Requests for Production." According to Plaintiff, because this evidence and Defendant's prior statements are publicly available, "Defendant will not be prejudiced at all; nor will Defendant's constitutional rights be put in any jeopardy." *Id.* at 5. Finally, Plaintiff contends he "will be highly prejudiced if this case is stayed indefinitely and he is not first able to identify the assets Defendant currently holds," as "the indefinite delay could completely frustrate Plaintiff's ability to recover damages

3

once the Criminal Prosecution is concluded." *Id.* at 5.

### III. LAW & ANALYSIS

A stay may be warranted only where "special circumstances" exist to prevent a party from suffering substantial and irreparable prejudice. *S.E.C. v. First Fin. Grp.*, 659 F.2d 660 (5th Cir. 1981). To determine whether "special circumstances" exist, courts in this circuit consider:

> 1. The extent to which the issues in the criminal case overlap with those presented in the civil case;
> 2. The status of the criminal case, including whether the defendant has been indicted;
> 3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;
> 4. The private interests of and burden on the defendant;
> 5. The interests of the courts; and
> 6. The public interest.

*Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting cases); *see also Lebeouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 WL 239752, at *2 (E.D. La. Jan. 29, 2008). Although the procession of parallel civil and criminal proceedings is not automatically objectionable, *S.E.C. v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.D.C. 1980), where "the facts at issue in both the [civil] suit and the criminal investigation are the same, a stay of [the civil] proceedings is appropriate." *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La. 1989).

#### A. Extent to Which Issues in the Civil and Criminal Cases Overlap

"[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906–07 (S.D. Tex. 2008). Here, Plaintiff's civil case and the criminal action pending in state court overlap substantially. Plaintiff's complaint details the exact same conduct for which Defendant was indicted. Moreover, most of the witnesses who will likely testify in this case will also be called as witnesses in the criminal matter, and the

overlap of the documentary evidence needed to prove both the civil and criminal cases is substantial.[1] This factor militates in favor of granting the stay.

### B. Status of Criminal Proceedings

In this case, Defendant has already been indicted for the crimes he allegedly committed against Plaintiff. "[B]ecause it is more likely that a defendant could make incriminating statements after the indictment has issued," this factor weighs in favor of granting the stay. *Doe v. Morris*, No. 11-1532, 2012 WL 359315 at *6 (E.D. La. Feb. 2, 2012) (citing *Librado v. M.S. Carriers, Inc.*, No. 02-2095, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002)).

### C. Plaintiff's Interest

"'[I]n evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim.'" *Whitney Nat'l Bank v. Air Ambulance By B & C Flight Mgmt., Inc.*, No. 04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007) (citing *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003)). In this case, other than simply stating he "will be highly prejudiced if this case is stayed indefinitely," Plaintiff contends he will be prejudiced by not being "able to identify the assets Defendant currently holds," which Plaintiff submits "could completely frustrate Plaintiff's ability to recover damages once the Criminal Prosecution is concluded." R. Doc. 11 at 5. The Court finds such arguments speculative and highly inflammatory. Because Plaintiff has not otherwise identified a compelling private interest in proceeding expeditiously or articulated how he will be prejudiced by the delay, the Court finds this factor weighs in favor of granting the stay.

---

[1] The only significant difference would be the witnesses Plaintiff would presumably call to support his intentional infliction of emotional distress.

### D. Defendant's Burden

"If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay." *Whitney Nat'l Bank*, 2007 WL 1468417, at *3. Here, Defendant would be greatly prejudiced should the Court deny the motion to stay, as he would "be forced to choose between [his] civil discovery obligations and [his] ability to assert [his] Fifth Amendment privilege against self-incrimination." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2012 WL 520660, at *5 (citing *Wehling v. CBS*, 608 F.2d 1084 (5th Cir. 1980)). "[A] party claiming the Fifth Amendment privilege should suffer no penalty for his silence." *Wehling*, 608 F.2d at 1088.

### E. The Court's Interest and The Public's Interest

"The Court has interests in judicial economy and expediency," *Doe v. Morris*, No. 11-1532, 2012 WL 359315 at *6 (E.D. La. Feb. 2, 2012), and "conducting the criminal proceedings first advances the judicial economy," *SEC v. Offill*, No. 07-1643, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008). Accordingly, the interest of the Court is best served by granting the stay. Moreover, the "public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained." *Alcala*, 625 F. Supp. 2d at 407 (quoting *St. Martin v. Jones*, No. 08-1047, 2008 WL 4534398, at *3(E.D. La. Oct. 2, 2018)). Thus, because Defendant would be forced to choose between defending this civil action and abandoning his Fifth Amendment right against self-incrimination, granting the stay is in the public's best interest.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to stay filed by Defendant Roger Thorpe, R. Doc. 10,

be and hereby is **GRANTED**.

        **IT IS FURTHER ORDERED** that these proceedings be **STAYED** until Wednesday, April 10, 2019 or on the parties' motion.

        New Orleans, Louisiana on this 11th day of December, 2018.

                                                    Eldon E. Fallon
                                         U.S. District Court Judge