UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER HANSEN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 18-6203 |
| | * | |
| ROGER THORPE | * | SECTION "L" (3) |
| | * | |

**ORDER**

Pending before the Court is Defendant's Motion in Limine to Limit the Testimony of Lynette Hart. R. Doc. 84. Having considered the applicable law and the parties' arguments, the Court now rules as follows.

I.   **Background**

This case arises from a confrontation that occurred between Plaintiff Christopher Hansen and Defendant Roger Thorpe on June 23, 2017 on Interstate 10 in New Orleans, Louisiana. R. Doc. 1 ¶. Plaintiff contends that on that date, he repeatedly "maneuvered his vehicle around Defendant's vehicle in slow moving traffic." R. Doc. 1 ¶ 5. In reaction to the road rage incident, Roger Thorpe used his personal firearm to shoot at Christopher Hansen, striking his vehicle with two bullets. R. Doc. 1 ¶ 6. Plaintiff explains that he then followed Defendant to identify the license plate number of the vehicle. R. Doc. 1 ¶ 7. Both vehicles exited the interstate and Defendant pulled over to the side of the road. R. Doc. 1 ¶ 7. Plaintiff allegedly pulled up behind Defendant and called the police as Defendant exited his vehicle and approached Plaintiff with his firearm drawn. R. Doc. 1 ¶ 8. Plaintiff alleges that Defendant threatened his life and demanded the Plaintiff give him his cell phone. R. Doc. 1 ¶ 8. Plaintiff complied, and Defendant walked back to his vehicle with the cell phone. R. Doc. 1 ¶ 10. Plaintiff alleges that Defendant "verbally threatened to kill

1

Plaintiff if Plaintiff continued to follow Defendant." R. Doc. 1 ¶ 11. Plaintiff reported the incident

to the police, and Defendant separately contacted the police and explained what had transpired. R.

Doc. 1 ¶ 13. The New Orleans Police Department accordingly arrested Defendant, who was

charged by the New Orleans District Attorney with discharging a firearm during a violent crime

and armed robbery with a firearm. R. Doc. 1 ¶ 14. Plaintiff filed the instant lawsuit on June 22,

2018, seeking to recover damages for assault with a deadly weapon and/or aggravated assault and

intentional infliction of emotional distress.

## II.   **Pending Motion**

Defendant has filed a Motion in Limie to exclude Lynette Hart's (Ms. Hart) testimony

regarding the incident, the cause of Plaintiff's alleged PTSD, and Plaintiff's purported mental

anguish and pain and suffering. R. Doc. 84. Defendant argues that Ms. Hart's testimony on these

matters would constitute improper expert testimony in violation of Federal Rule of Evidence 702,

as Ms. Hart is a kindergarten teacher and not a qualified medical expert. R. Doc. 84-1 at 2-3; Hart

Deposition at 8-:2-6, 42:22-24. Defendant also argues that Ms. Hart should be precluded from

testifying about the altercation between the parties or Plaintiff's alleged suicide attempts because

Ms. Hart lacks personal knowledge of either event. R. Doc. *Id.* at 5: Hart Deposition 20:15-17,

29:15-20, 41:10-12.

## III.   **Law and Discussion**

Federal Rule of Evidence 602 limits witness testimony to matters of which the witness

has personal knowledge. Fed. R. Evid. 602. Federal Rule of Evidence 701 provides that lay

witnesses may offer opinion testimony which is rationally based on the witness's perception and

helpful to the understanding the witness' testimony or to determining a fact in issue. Fed. R. Evid.

701. Of course lay witnesses may not testify based on "scientific, technical, or other specialized

2

knowledge" which is reserved for qualified experts under Rule 702. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Although Ms. Hart did not perceive the confrontation between Mr. Hansen and Mr. Thorpe, Ms. Hart may properly testify to facts and circumstances that would certainly be relevant to this case and would not amount to improper expert testimony under Federal Rule of Evidence 702. Notably, Ms. Hart was married to the Plaintiff at the time of the confrontation. Hart Deposition at 9:14-19. As a result, Ms. Hart may testify to matters such as her observations and perceptions of the Plaintiff before and after the incident in accordance with Federal Rule of Evidence 602. Fed. R. Evid. 602. Accordingly,

It is **ORDERED** that the Court **RESERVES RULING** on Defendant's Motion in Limine, R. Doc. 84, until the witness testifies at trial.

New Orleans, Louisiana this 25th day of August, 2020.

Eldon E. Fallon
United States District Judge